

FILED
MAR 16 2015

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KIMBERY ANN TILLMAN, | CIV 14-4009 |
| Plaintiff, | |
| vs. | ORDER GRANTING MOTION TO DISMISS |
| MINNEHAHA COUNTY JAIL; AND DETOX CENTER; CORRECT CARE SOLUTIONS L.L.C.; KIM GURTIS; and KEITH LARSON, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Kimberly Ann Tillman filed a *pro se* civil rights lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and requested and was granted leave to proceed informa pauperis pursuant to 28 U.S.C. § 1915 (Doc. 1, 3, 7). Pending before the Court now is Defendants' Motion to Dismiss (Doc. 13). For the reasons set forth below, the Motion to Dismiss is granted.

## PROCEDURAL BACKGROUND

On March 19, 2014, Defendants filed their motion to dismiss and Defendants advanced three different legal arguments in moving for dismissal of Plaintiff's lawsuit (Doc. 14). First, Defendants contend that the Minnehaha County Jail and Detox Center does not exist as a separate legal entity and, therefore, is not amenable to suit as a matter of law. Second, Defendants contends that the allegations in the Complaint failed as a matter of law to state actionable claims against individuals Kim Gerdes and Keith Larson. Third, Defendants contend that the Complaint lacked sufficient facts to state a prima facie case of unlawful racial discrimination against Correct Care Solutions, L.L.C. (Doc. 14).

Plaintiff did not respond to the motion to dismiss and did not file any document until July 10, 2014, when she filed a motion to amend her complaint and other documents (Doc. 17-20). In her memorandum opposing the motion to dismiss, Plaintiff contends "the Plaintiff inartfully explains the

allegations, and not artfully like an attorney." (Doc. 19).

Failure to File a Response to the Motion to Dismiss

Defendants maintain Plaintiff had ample opportunity to respond to Defendants' Motion to Dismiss and that her failure to respond effectively concedes the validity of Defendants' legal arguments. The Court agrees. As was recently acknowledged in *Roach v. Dooley*, Slip Copy, Civil No. 13–4146–KES, 2014 WL 3110048 at *2 (D.S.D., July 07, 2014), the failure "to respond to respondents' motion to dismiss and Roach's 'pro se status and lack of familiarity with the intricacies of the law cannot alone constitute cause.' *McKinnon v. Lockhart*, 921 F.2d 830, 832, n. 5 (8th Cir. 1990) *cert. denied*, 501 U.S. 1208 (1991)." Because Tillman has not shown cause for her default, this Court will not explore the factor of prejudice for the default, but will dismiss the action on the determination that her failure to respond effectively concedes the validity of Defendants' legal arguments. Even if the Court were not to dismiss on this basis it would dismiss on the merits of the motion to dismiss, as set forth in the following discussion,

Standard for Determining Motion under Federal Rule of Civil Procedure 12(b)(6)

In considering a motion under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), *cited in Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.* (internal citations omitted); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). Although a plaintiff in defending a motion under Rule 12(b)(6) need not provide specific facts in support of its allegations, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), it must include sufficient factual information to provide the grounds on which her claim rests, and to raise a right to relief

above a speculative level. *Twombly*, 550 U.S. at 555–556 & n3. Although Federal Rule of Civil Procedure 8 may not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim must have facial plausibility to survive a motion to dismiss. *Id.* Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

Allegations in Complaint

    Plaintiff alleged the following in her Complaint:

Minnehaha County Failed to Secure a Competent Company to Contract the Management of Detox Center.

Correct Care Solutions failed to Intervene in the Racial Discriminatory Practices against Plaintiff by Deny Permanent Employment

Correct Care Solutions failed to Intervene and Deter Plaintiff From Further Mental Anguish By Allowing Co-workers to continue employment with CCS/Being Informed of the Inhuman and Hostile Work Environment Against Plaintiff and Detox Patients. Correct Care Solutions Failed to honor the contract for Employee Employment By Allowing Keith Larson to Process his own Rules.

Correct Care Solutions failed to oversee the permanent Position Process to Prevent Plaintiff From Retaliation practices From Plaintiff Immediate Supervisor Keith Larson.

Correct Care Solutions Failed intervene in Plaintiff Requesting a Diversity Program at Detox for Employees & Patient of Ethnic groups.

Doc. 1.

Application of Law to Allegations in Complaint

    The allegations in Tillman's Complaint do not include sufficient factual information to provide the grounds on which her claim rests, and to raise a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555–556 & n3. The Complaint clearly lacks the facial plausibility to survive a motion to dismiss. Having determined that Tillman has not shown any grounds to excuse her defaulting on her response and has failed to meet the *Twombly* requirements to survive a motion to

dismiss, the Court need not address Defendants' other grounds for their motion to dismiss. Accordingly,

    IT IS HEREBY ORDERED:

1. That the Motion to Dismiss (Doc. 13) is granted with prejudice as to the entities named as to Defendants except as to Defendants Kim Gurtis and Keith Larson in their personal capacities, those two individuals having not been sued in their representative capacities but they are dismissed with prejudice as to their personal capacities.

2. That Plaintiff's Motion to Amend Lists (Doc. 17) is denied as moot.

3. That Plaintiff's Motion to Amend Complaint (Doc. 18) is denied as moot.

4. That Plaintiff's Motion for Correct Care to Accept Responsibility (Doc. 20) is denied as moot.

Dated this 16th day of March, 2015.

                                BY THE COURT:

                                Lawrence L. Piersol
                                United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)   DEPUTY